IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF VIRGINIA

Newport News Division

```
FILED
IN OPEN COURT

JAN 1 0 2012

CLERK, U.S. DISTRICT COURT
NEWPORT NEWS, VA
```

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | **UNDER SEAL** |
| | ) | |
| v. | ) | CRIMINAL NO. 4:11CR89 |
| | ) | |
| EDWIN PETTY, | ) | 21 U.S.C. § 846 |
| a/k/a "Greasy" | ) | Conspiracy to Distribute Narcotics |
| (Counts 1, 2, 4, 5) | ) | (Count 1) |
| | ) | |
| JOHN BANKS, | ) | 21 U.S.C. § 841 |
| a/k/a "Balls" | ) | Possess with Intent to Distribute and |
| (Counts 1, 2, 3) | ) | Distribute Cocaine |
| | ) | (Counts 2, 3, 6, 8, 15, 16, 17) |
| KEVIN FORDE | ) | |
| (Counts 1, 6) | ) | 21 U.S.C. § 841 |
| | ) | Possess with Intent to Distribute and |
| LAMAR DOUGLAS | ) | Distribute Cocaine Base |
| (Counts 1, 8) | ) | (Counts 4, 10, 11, 16, 19) |
| | ) | |
| RANDY FULLER | ) | 18 U.S.C. § 924 (c) |
| (Counts 1, 9, 10, 11, 12) | ) | Use of Firearm During Drug Trafficking |
| | ) | (Counts 12, 13) |
| DOUGLAS ASHBY | ) | |
| (Counts 1, 13) | ) | 18 U.S.C. § 922(g)(1) |
| | ) | Felon in Possession of Firearm |
| MAURICE MCLAIN | ) | (Counts 5, 14) |
| (Counts 1, 9, 11-14) | ) | |
| | ) | 21 U.S.C. § 841(a)(1) and (b)(1)(D) |
| BRIAN JARVIS | ) | Possess with Intent to Distribute Marijuana |
| (Counts 1, 16) | ) | (Counts 7, 15) |
| | ) | |
| KENNY JONES | ) | 18 U.S.C. §§ 1956(a)(1)(A)(i) and (B)(i) |
| a/k/a "AU" | ) | Money Laundering |
| (Counts 1, 17, 18) | ) | (Count 18, 25, 26, 27) |
| | ) | |
| ANTOINETTE ASHBY | ) | 21 U.S.C. § 856 |
| (Count 18) | ) | Maintain Drug Involved Premises |
| | ) | (Count 9, 28) |
| ASHLEY BURNETT, JR | ) | |
| (Counts 1, 16, 19) | ) | 21 U.S. C. § 848 |
| | ) | Continuing Criminal Enterprise |
| | ) | (Count 20) |

| | |
|---|---|
| MUSTAFFAH MUHAMMAD<br>(Count 1) | 21 U.S.C. § 843(b)<br>Use of Communication Facility<br>(Counts 21, 22, 23) |
| ROBERT EDWARD SARGENT, JR<br>a/k/a "Michael Smith"<br>a/k/a "Warrane Smith"<br>(Counts 1, 20, 21, 24) | 18 U.S.C. §1956(h)<br>Conspiracy to Launder Money<br>(Count 24) |
| DENNIS MCCOURTNEY HODGE<br>(Counts 1, 24 ) | 18 U.S.C. §1952(a)(3)<br>Interstate Travel In Aide of Racketeering<br>(Counts 29, 30) |
| RAYMOND DAYRELL BROWN<br>(Counts 1, 20, 22, 24, 25) | Forfeiture<br>18 U.S.C. § 924(d), 21 U.S.C. § 853 |
| DWAYNE IVALLE HODGE<br>(Counts 1, 24) | |
| JERMAINE ANTOINE EDLOW<br>(Counts 1, 7, 23, 24) | |
| LARRY NEAL WILLIAMS<br>(Counts 1, 24, 29) | |
| JAMES EDWARD BROWN<br>(Counts 1, 15, 24, 29) | |
| ALANO CHRISTOBO BLANCO<br>(Counts 1, 24, 30) | |
| DAVID KENNETH EDLOW<br>(Counts 1, 28) | |
| ROSAURA SARITA ARIAS<br>(Counts 1) | |
| ROSA DEL CARMEN DIARTE<br>(Counts 24) | |
| ALEXANDER SANCHEZ<br>(Counts 24, 27) | |
| JAIME SANCHEZ<br>(Counts 24, 26) | |

2

## SUPERSEDING INDICTMENT

January 2012 Term - Newport News, Virginia

### COUNT ONE

THE GRAND JURY CHARGES THAT:

From in or about1999 and continuously thereafter up to and including the date of the return of this Indictment, in the Eastern District of Virginia and elsewhere, the defendants, EDWIN PETTY, JOHN BANKS, KEVIN FORDE, LAMAR DOUGLAS, RANDY FULLER, DOUGLAS ASHBY, MAURICE MCLAIN, BRIAN JARVIS, KENNY JONES, ASHLEY BURNETT, JR., MUSTAFFAH MUHAMMAD, ROBERT EDWARD SARGENT, JR, DENNIS MCCOURTNEY HODGE, RAYMOND DAYRELL BROWN, DWAYNE IVALLE HODGE, JERMAINE ANTOINE EDLOW, LARRY NEAL WILLIAMS, JAMES EDWARD BROWN, ALANO CHRISTOBO BLANCO, DAVID KENNETH EDLOW, and ROSAURA SARITA ARIAS, did unlawfully, knowingly, and intentionally combine, conspire, confederate, and agree with each other and with other persons known and unknown to the grand jury to commit the following offenses:

1. To unlawfully, knowingly, and intentionally possess with the intent to distribute 280 grams or more of a mixture and substance containing a detectable amount of cocaine base, a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(a)(1) and (b)(1)(A), and Title 18, United States Code, Section 2;

2. To unlawfully, knowingly, and intentionally distribute 280 grams or more of a mixture and substance containing a detectable amount of cocaine base, a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(a)(1) and (b)(1)(A), and Title 18, United States Code, Section 2;

3

3. To unlawfully, knowingly, and intentionally possess with the intent to distribute a mixture and substance containing five (5) kilograms or more of cocaine, its salts, optical and geometric isomers, and salts of isomers, a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(a)(1) and (b)(1)(A), and Title 18, United States Code, Section 2;

4. To unlawfully, knowingly, and intentionally distribute a mixture and substance containing five (5) kilograms or more of cocaine, its salts, optical and geometric isomers, and salts of isomers, a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(a)(1) and (b)(1)(A), and Title 18, United States Code, Section 2;

5. To unlawfully, knowingly, and intentionally possess with intent to distribute a mixture and substance containing marijuana, a Schedule I controlled substance, in violation of Title 21, United States Code, Section 841(a)(1) and (b)(1)(D), and Title 18, United States Code, Section 2; and;

6. To unlawfully, knowingly, and intentionally distribute a mixture and substance containing marijuana, a Schedule I controlled substance, in violation of Title 21, United States Code, Section 841(a)(1) and (b)(1)(D), and Title 18, United States Code, Section 2.

(All in violation of Title 21, United States Code, Section 846.)

4

## COUNT TWO

THE GRAND JURY FURTHER CHARGES THAT:

On or about August 10, 2011, in James City County, Virginia, within the Eastern District of Virginia, the defendants, EDWIN PETTY and JOHN BANKS, did unlawfully, knowingly and intentionally possess with intent to distribute a mixture and substance containing more than 500 grams of cocaine, a Schedule II narcotic controlled substance.

(In violation of Title 21, United States Code, Sections 841(a)(1), and (B)(1)(B) and Title 18, United States Code, Section 2.) .

<u>COUNT THREE</u>

THE GRAND JURY FURTHER CHARGES THAT:

On or about November 12, 2010, in Newport News, Virginia, within the Eastern District of Virginia, the defendant, JOHN BANKS, did unlawfully, knowingly and intentionally distribute a mixture and substance containing cocaine, a Schedule II narcotic controlled substance.

(In violation of Title 21, United States Code, Sections 841(a)(1), and (b)(1)(C) and Title 18, United States Code, Section 2.)

## COUNT FOUR

THE GRAND JURY FURTHER CHARGES THAT:

On or about January 20, 2011, in the Eastern District of Virginia, the defendant, EDWIN

PETTY, did unlawfully, knowingly, and intentionally distribute a mixture and substance containing

28 grams of cocaine base, also known as crack, a Schedule II controlled substance.

(In violation of Title 21, United States Code, Section 841(a)(1) and (b)(1)(B); and Title 18, United States Code, Section 2.)

<u>COUNT FIVE</u>

THE GRAND JURY FURTHER CHARGES THAT:

On or about March 29, 2011, in Newport News, Virginia, in the Eastern District of Virginia, the defendant, EDWIN PETTY, having been previously convicted of crimes punishable by imprisonment for a term exceeding one year, did unlawfully and knowingly possess in and affecting interstate and foreign commerce a firearm and ammunition, specifically, which had been shipped and transported in interstate and foreign commerce.

(In violation of Title 18, United States Code, Sections 922(g)(1) and 924(a)(2).)

## COUNT SIX

THE GRAND JURY FURTHER CHARGES THAT:

On or about April 3, 2008, in Newport News, Virginia, within the Eastern District of Virginia, the defendant, KEVIN FORDE, did unlawfully, knowingly and intentionally distribute a mixture and substance containing cocaine, a Schedule II narcotic controlled substance.

(In violation of Title 21, United States Code, Sections 841(a)(1), and (b)(1)(C).

## COUNT SEVEN

THE GRAND JURY FURTHER CHARGES THAT:

On or about September 12, 2009, in Newport News, Virginia, within the Eastern District of Virginia, the defendant, JERMAINE ANTOINE EDLOW, did unlawfully, knowingly and intentionally distribute a mixture and substance containing cocaine, a Schedule II narcotic controlled substance.

(In violation of Title 21, United States Code, Sections 841(a)(1), and (b)(1)(C) and Title 18, United States Code, Section 2.)

## COUNT EIGHT

THE GRAND JURY FURTHER CHARGES THAT:

On or about December 2, 2010, in Newport News, Virginia, within the Eastern District of Virginia, the defendant, LAMAR DOUGLAS, did unlawfully, knowingly and intentionally distribute a mixture and substance containing cocaine, a Schedule II narcotic controlled substance.

(In violation of Title 21, United States Code, Sections 841(a)(1), and (b)(1)(C) and Title 18, United States Code, Section 2.)

11

## COUNT NINE

THE GRAND JURY FURTHER CHARGES

On or about August 10, 2011, in Newport News, Virginia, within the Eastern District of Virginia, RANDY FULLER, and MAURICE MCLAIN, the defendants herein, did knowingly and intentionally manage and control a building at 498 Crescent Way, #166, , Newport News, Virginia, as owner, renter and mortgagee, for the purpose of unlawfully storing, distributing, and using cocaine base and cocaine, Schedule II narcotic controlled substances.

(In violation of Title 21, United States Code, Section 856 (a) (2) and Title 18, United States Code, Section 2.)

<u>COUNT TEN</u>

THE GRAND JURY FURTHER CHARGES THAT:

On or about May 16, 2011, in the Eastern District of Virginia, the defendant, RANDY FULLER, did unlawfully, knowingly, and intentionally distribute a mixture and substance containing cocaine base, also known as crack, a Schedule II controlled substance.

(In violation of Title 21, United States Code, Section 841(a)(1) and (b)(1)(B); and Title 18, United States Code, Section 2.)

## COUNT ELEVEN

THE GRAND JURY FURTHER CHARGES THAT:

In or about August, 2011, in Newport News, Virginia, within the Eastern District of Virginia, the defendants, RANDY FULLER, and MAURICE MCLAIN, did unlawfully, knowingly and intentionally possess with intent to distribute a mixture and substance containing cocaine and cocaine base, Schedule II narcotic controlled substances.

(In violation of Title 21, United States Code, Sections 841(a)(1), and (b)(1)(C).and Title 18, United States Code, Section 2.)

14

## COUNT TWELVE

THE GRAND JURY FURTHER CHARGES THAT:

On or about August 10, 2011,  in Newport News, Virginia, within the Eastern District of Virginia, the defendants, RANDY FULLER, and MAURICE MCLAIN, unlawfully and knowingly possessed a firearm, in furtherance of a drug trafficking crime for which he may be prosecuted in a court of the United States, to wit:  conspiracy to possess with intent to distribute and distribute cocaine and cocaine base, commonly known as "crack," a Schedule II narcotic controlled substance.

(In violation of Title 18, United States Code, Section 924(c)(1)(A) and Title 18, United States Code, Section 2.)).

## COUNT THIRTEEN

THE GRAND JURY FURTHER CHARGES THAT:

On or about July 21, 2011, in Newport News, Virginia, within the Eastern District of Virginia, the defendants, MAURICE MCLAIN and DOUGLAS ASHBY, unlawfully and knowingly possessed, brandished and discharged a firearm, in furtherance of a drug trafficking crime for which he may be prosecuted in a court of the United States, to wit: Conspiracy to possess with intent to distribute and distribute marijuana, a Schedule I controlled substance.

(In violation of Title 18, United States Code, Section 924(c)(1)(A) and Title 18, United States Code, Section 2.)).

## COUNT FOURTEEN

THE GRAND JURY FURTHER CHARGES THAT:

On or about July 21, 2011, in Newport News, Virginia, in the Eastern District of Virginia, the defendant, MAURICE MCLAIN, having been previously convicted of crimes punishable by imprisonment for a term exceeding one year, did unlawfully and knowingly possess in and affecting interstate and foreign commerce a firearm and ammunition, specifically, which had been shipped and transported in interstate and foreign commerce.

(In violation of Title 18, United States Code, Sections 922(g)(1) and 924(a)(2))

17

## COUNT FIFTEEN

THE GRAND JURY FURTHER CHARGES THAT:

On or about,   March 12, 2010,   Eastern District of Virginia, the defendant, JAMES EDWARD BROWN, did unlawfully, knowingly, and intentionally possess with intent to distribute a mixture and substance containing marijuana, a Schedule I controlled substance.

(In violation of Title 21, United States Code, Section 841(a)(1) and (b)(1)(C); and Title 18, United States Code, Section 2.)

## COUNT SIXTEEN

THE GRAND JURY FURTHER CHARGES THAT:

On or about September 16, 2008, in the Eastern District of Virginia, the defendants, ASHLEY BURNETT, JR. and BRIAN JARVIS, did unlawfully, knowingly, and intentionally possess with intent to distribute a mixture and substance containing cocaine, a Schedule II controlled substance.

(In violation of Title 21, United States Code, Section 841(a)(1) and (b)(1)(C); and Title 18, United States Code, Section 2.)

## COUNT SEVENTEEN

THE GRAND JURY FURTHER CHARGES THAT:

On or about April 8, 2011, in the Eastern District of Virginia, the defendant, KENNY JONES, did unlawfully, knowingly, and intentionally distribute a mixture and substance containing cocaine, a Schedule II controlled substance.

(In violation of Title 21, United States Code, Section 841(a)(1) and (b)(1)(C); and Title 18, United States Code, Section 2.)

## **COUNT EIGHTEEN**

THE GRAND JURY FURTHER CHARGES THAT:

From on or about January 9, 2009, through March 30, 2009, in the Eastern District of Virginia, KENNY JONES and ANTOINETTE ASHBY, the defendants herein, did knowingly and willfully conduct and attempt to conduct a financial transaction affecting interstate commerce, to wit, the transfer of title on a 2002 Mercedes Benz VIN number WDBPJ75J42A030314, whose actual owner was defendant KENNY JONES and which was registered in the name of a nominee, defendant ANTOINETTE ASHBY, for approximately $17, 078.27 total delivery price which included the payment of $9,000 in United States currency on January 9, 2009, the transfer of title on February 24, 2009 and the delivery of money orders totaling $1000.00 on March 30, 2009 which involved the proceeds of a specified unlawful activity, that is the possession with intent to distribute and the distribution of controlled substances in violation of Title 21, United States Code, Section 841(a)(1), with the intent to promote the carrying on of a specified unlawful activity and knowing that the transaction was designed in whole and in part to conceal and disguise the nature, location, ownership and control of the proceeds of said specified unlawful activity, and that while conducting and attempting to conduct such financial transaction the defendant knew that the property involved in the financial transaction that is, the transfer of title on a 2002 Mercedes Benz VIN number WDBPJ75J42A030314 which included the payment of consisting of $9,000 in United States currency, and two $500.00 money orders to purchase the 2002 Mercedes VIN number WDBPJ75J42A030314, represented the proceeds of some form of unlawful activity.

(In violation of Title 18, United States Code, Section 1956(a)(1)(A)(i) and(B)(i) and 2).

## COUNT NINETEEN

THE GRAND JURY FURTHER CHARGES THAT:

On or about August 31, 2011, in Newport News, Virginia, within the Eastern District of Virginia, the defendant, ASHLEY BURNETT, JR., did unlawfully, knowingly and intentionally possess with intent to distribute a mixture and substance containing cocaine and cocaine base, Schedule II narcotic controlled substances.

(In violation of Title 21, United States Code, Sections 841(a)(1), and (b)(1)(c) and Title 18, United States Code, Section 2.)

## COUNT TWENTY

THE GRAND JURY FURTHER CHARGES THAT:

Between 2000 and 2011, within the Eastern District of Virginia and elsewhere, the defendants, ROBERT EDWARD SARGENT, JR, and RAYMOND DAYRELL BROWN, did engage in a continuing criminal enterprise by committing a continuing series of felony violations of Title 21, United States Code Section 841(a)(1), which continuing series of violations was undertaken by defendant in concert with at least five other persons with respect to whom defendant occupied a position as organizer, a supervisory position, and some other position of management, and from which continuing series of violations defendant obtained substantial income and resources. The continuing series of violations undertaken by defendants ROBERT EDWARD SARGENT, JR, and RAYMOND DAYRELL BROWN, included but was not limited to the conduct in Count One of this superseding indictment which is incorporated by reference in this count.

(In violation of Title 21, United States Code, Section 848.)

## COUNT TWENTY-ONE

THE GRAND JURY FURTHER CHARGES THAT:

In or about April 2011, in Newport News, Virginia, in the Eastern District of Virginia and elsewhere, the defendant, ROBERT EDWARD SARGENT, JR, did unlawfully, knowingly and intentionally use a communication facility in facilitating the commission of a crime, to wit: distribution of cocaine.

(All in violation of Title 21, United States Code, Section 843(b))

## COUNT TWENTY TWO

THE GRAND JURY FURTHER CHARGES THAT:

On or about August 8, 2011, in Newport News, Virginia, in the Eastern District of Virginia and elsewhere, the defendant, RAYMOND DAYRELL BROWN, did unlawfully, knowingly and intentionally use a communication facility in facilitating the commission of a crime, to wit: distribution of cocaine.

(All in violation of Title 21, United States Code, Section 843(b))

## COUNT TWENTY THREE

THE GRAND JURY FURTHER CHARGES THAT:

In or about September 2011, in Newport News, Virginia, in the Eastern District of Virginia and elsewhere, the defendant, JERMAINE ANTOINE EDLOW, did unlawfully, knowingly and intentionally use a communication facility in facilitating the commission of a crime, to wit: distribution of cocaine.

(All in violation of Title 21, United States Code, Section 843(b))

## COUNT TWENTY FOUR

THE GRAND JURY FURTHER CHARGES THAT:

Beginning at in or about January 1, 2002, the exact date being unknown to the Grand Jury, up until the date of this indictment, in the Eastern District of Virginia and elsewhere, ROBERT EDWARD SARGENT, JR, DENNIS MCCOURTNEY HODGE, RAYMOND DAYRELL BROWN, LARRY NEAL WILLIAMS, JAMES EDWARD BROWN, ALANO CHRISTOBO BLANCO, ROSA DEL CARMEN DIARTE, ALEXANDER SANCHEZ, and JAIME SANCHEZ, the defendants herein, did knowingly, willfully, and unlawfully combine conspire, confederate and agree with each other and other persons, both known and unknown, to knowingly, willfully, and unlawfully conduct, attempt to conduct, and cause to be conducted financial transactions affecting interstate commerce, including the purchase, lease, financing, transfer and sale of personal and investment properties, including telephones and cellular telephones, rental vehicles, vehicles, residences, rental properties, stash houses, travel expenses, and the shipment and transportation of controlled substances and the remittance of monies derived from their illegal distribution to and from the Eastern District of Virginia and elsewhere, which involved the proceeds of a specified unlawful activity, that is, felonious sale and distribution of controlled substances by the defendants named in this Superseding Indictment, and that, while conducting and attempting to conduct such financial transactions, the defendants knew that the property involved in the financial transactions represented the proceeds of some form of unlawful activity, with the intent to promote the carrying on of specified unlawful activity and knowing that the financial transactions were designed in whole and in part to conceal or disguise the nature, the location, the source, the ownership, or control of the proceeds of the said specified unlawful activity.

(All in violation of Title 18, United States Code, Section 1956(h)).

## COUNT TWENTY FIVE

THE GRAND JURY FURTHER CHARGES THAT:

From on or about March 12, 2010, and continuously thereafter up to and including the date of the return of this Superseding Indictment in the Eastern District of Virginia, RAYMOND DAYRELL BROWN, the defendant herein, did knowingly and willfully conduct and attempt to conduct a financial transaction affecting interstate commerce, to wit, the transfer of title on a 2004 BMW 545i, VIN WBANB33574B111435, whose actual owner was defendant RAYMOND DAYRELL BROWN, and which was registered in the name of a nominee, Nakia Lewis, for approximately $20,142.50 total delivery price which included the payment of $7,000 in United States currency on January 9, 2009, the transfer of title on February 24, 2009 and which involved the proceeds of a specified unlawful activity, that is the possession with intent to distribute and the distribution of controlled substances in violation of Title 21, United States Code, Section 841(a)(1), with the intent to promote the carrying on of a specified unlawful activity and knowing that the transaction was designed in whole and in part to conceal and disguise the nature, location, ownership and control of the proceeds of said specified unlawful activity, and that while conducting and attempting to conduct such financial transaction the defendant knew that the property involved in the financial transaction that is, the transfer of title on a 2004 BMW 545i, VIN WBANB33574B111435 which included the payment of consisting of $7,000 in United States currency, to purchase the 2004 BMW 545i, VIN WBANB33574B111435, represented the proceeds of some form of unlawful activity.

(In violation of Title 18, United States Code, Section 1956(a)(1)(A)(i) and(B)(i) and 2).

## COUNT TWENTY SIX

THE GRAND JURY FURTHER CHARGES THAT:

On or about June 14, 2010,  in the Eastern District of Virginia and elsewhere, JAIME SANCHEZ, the defendant herein, did knowingly and willfully conduct and attempt to conduct a financial transaction affecting interstate commerce, to wit, the receipt of drug proceeds transferred through Bank of America Account # *****-74500: to wit: $8000.00 in United States currency deposited in Hampton, Virginia, and withdrawn in Hemet, California, which involved the proceeds of a specified unlawful activity, that is the possession with intent to distribute and the distribution of controlled substances in violation of Title 21, United States Code, Section 841(a)(1), with the intent to promote the carrying on of a specified unlawful activity and knowing that the transaction was designed in whole and in part to conceal and disguise the nature, location, ownership and control of the proceeds of said specified unlawful activity, and that while conducting and attempting to conduct such financial transaction the defendant knew that the property involved in the financial transaction that is, $8,000.00 in United States currency, represented the proceeds of some form of unlawful activity.

(In violation of Title 18, United States Code, Section 1956(a)(1)(A)(i) and(B)(i) and 2).

## COUNT TWENTY SEVEN

THE GRAND JURY FURTHER CHARGES THAT:

On or about October 21, 2010, in the Eastern District of Virginia and elsewhere, ALEXANDER SANCHEZ, the defendant herein, did knowingly and willfully conduct and attempt to conduct a financial transaction affecting interstate commerce, to wit, the receipt of drug proceeds transferred through Wachovia Bank Account # ******5983: to wit: $7000.00 in United States currency deposited in Hampton, Virginia, and withdrawn in Monterey Park, California, which involved the proceeds of a specified unlawful activity, that is the possession with intent to distribute and the distribution of controlled substances in violation of Title 21, United States Code, Section 841(a)(1), with the intent to promote the carrying on of a specified unlawful activity and knowing that the transaction was designed in whole and in part to conceal and disguise the nature, location, ownership and control of the proceeds of said specified unlawful activity, and that while conducting and attempting to conduct such financial transaction the defendant knew that the property involved in the financial transaction that is, $7,000.00 in United States currency, represented the proceeds of some form of unlawful activity.

(In violation of Title 18, United States Code, Section 1956(a)(1)(A)(i) and(B)(i) and 2).

## COUNT TWENTY EIGHT

THE GRAND JURY FURTHER CHARGES

In or about 2010, in Newport News, Virginia, within the Eastern District of Virginia, DAVID KENNETH EDLOW,  the defendant herein, did knowingly and intentionally manage and control a building at, 405 Ford Road, Hampton, Virginia, as owner, renter and mortgagee, for the purpose of unlawfully storing, distributing, and using marijuana and cocaine, Schedule II narcotic controlled substances.

(In violation of Title 21, United States Code, Section 856 (a) (2) and Title 18, United States Code, Section 2.)

## COUNT TWENTY NINE

THE GRAND JURY FURTHER CHARGES THAT:

From on or about or between September 14, 2009 and September 16, 2009, defendants LARRY NEAL WILLIAMS and JAMES EDWARD BROWN defendants herein, did knowingly and intentionally travel in interstate commerce from Newport News, Virginia to New York, New York with the intent to promote, carry on, and facilitate the carrying on of an unlawful activity, namely being a business enterprise involving the distribution and possession with intent to distribute cocaine, cocaine base and marijuana, Schedule I and Schedule II controlled substances, in violation of Title 21, United States Code, Section 841, and thereafter the defendants did perform and attempt to perform acts to promote, manage, establish, carry on, and facilitate the promotion, management, establishment, and carrying on of said unlawful activity, namely on or about September 14, 2009, LARRY NEAL WILLIAMS and JAMES EDWARD BROWN conducted a financial transaction, to wit: loading $500.00 onto Green Dot Cards to facilitate the carrying on of the narcotics distribution activities.

(All in violation of Title 18, United States Code, Sections 1952(a)(3) and 2).

## COUNT THIRTY

THE GRAND JURY FURTHER CHARGES THAT:

From on or about or between September 20, 2009 and September 25, 2009, ALANO

BLANCO defendant herein, did knowingly and intentionally travel in interstate commerce from

Newport News, Virginia to New York, New York  with the intent to promote, carry on, and

facilitate the carrying on of an unlawful activity, namely being a business enterprise involving the

distribution and possession with intent to distribute cocaine, cocaine base and marijuana,

Schedule I and Schedule II controlled substances,  in violation of Title 21, United States Code,

Section 841, and thereafter the defendants did perform and attempt to perform acts to promote,

manage, establish, carry on, and facilitate the promotion, management, establishment, and

carrying on of said unlawful activity, namely on or about September 21, 2009, ALANO

BLANCO conducted a financial transaction, to wit: loading $300.00 onto Green Dot Cards to

facilitate the carrying on of the narcotics distribution activities.

(All in violation of Title 18, United States Code, Sections 1952(a)(3) and 2).

## FORFEITURE ALLEGATION

THE GRAND JURY FURTHER CHARGES THAT:

A.  The defendants, EDWIN PETTY, JOHN BANKS, KEVIN FORDE, LAMAR DOUGLAS, RANDY FULLER, DOUGLAS ASHBY, MAURICE MCLAIN, BRIAN JAVIS, KENNY JONES, ANTOINETTE ASHBY, ASHLEY BURNETT, JR., MUSTAFFAH MUHAMMAD, ROBERT EDWARD SARGENT, JR, DENNIS MCCOURTNEY HODGE, RAYMOND DAYRELL BROWN, DWAYNE IVALLE HODGE, JERMAINE ANTOINE EDLOW, LARRY NEAL WILLIAMS, JAMES EDWARD BROWN, ALANO CHRISTOBO BLANCO,  DAVID KENNETH EDLOW, ROSAURA SARITA ARIAS, ROSA DEL CARMEN DIARTE, ALEXANDER SANCHEZ, and JAMIE SANCHEZ, if convicted of the violations alleged in Counts One through Thirty-One of the indictment, shall forfeit to the United States:

1.  Any and all property constituting, or derived from, any proceeds the defendant obtained, directly or indirectly, as the result of such violation;

2.  Any of the defendant's property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such violation;

3.  Any firearm and ammunition involved in, used in, or intended to be used in, such violation;

4.  Any property, real or personal, involved in a transaction or attempted transaction in such violation, or any property traceable to such property; and

5.  Any property, real or personal, that constitutes or is derived from proceeds traceable to such violation.

B.  The property that is subject to forfeiture under paragraph A includes, but is not limited to:

2004 BMW 545i, VIN WBANB33574B111435

2000 Mercedes Benz E-320, VIN WDBJF65J3YB134538

2004 Mercedes Benz CL500, VIN WDBPJ75JX4A039991

Funds in the amount of $4,942.32 from GE MoneyBank Walmart MoneyCard VISA prepaid debit card account 4736-9103-0039-2357 in the name Heather Woods

Funds in the amount of $7,676.94 from the following four Green Dot TurboTax VISA prepaid debit card accounts seized on November 10, 2011:

> Debit Card Account Number 4852-4500-1868-6574 in the name Lois Fate
> Debit Card Account Number 4852-4500-1871-1612 in the name Dorothy Crump
> Debit Card Account Number 4852-4500-1864-7865 in the name Jason Beaufort
> Debit Card Account Number 4852-4500-1589-9139 in the name Jameka Evans

One 10K white gold cross with twenty-one round white stones

One men's stainless steel Don & Co chronograph wristwatch with screw on/off three row diamond bezel and Joe Rodeo leather band and an approximate total diamond weight of 8.00 carats

McCourtney Consultant Group (EIN: 27-0864702) JP Morgan Chase Bank Account #814179826.

Jean Ethics, Inc. (EIN:00-2409850) JP Morgan Chase Bank Account #772084885

$1,313.00 U.S. Currency seized on October 27, 2011

40 Eisenhower Ave., Brentwood, NY 11717, and

40 Montgomery St., Brentwood, NY 11717.

      C.     If any property that is subject to forfeiture above, (a) cannot be located upon the exercise of due diligence, (b) has been transferred to, sold to, or deposited with a third person, (c) has been placed beyond the jurisdiction of the Court, (d) has been substantially diminished in value, or (e) has been commingled with other property that cannot be divided without difficulty, it is the intent of the United States to seek forfeiture of any other property of the defendant, up to the value of any property described above, as subject to forfeiture under Title 21, United States Code, Section 853(p).

(All in violation of Title 18, United States Code, Sections 924(d), 981(a)(1), and 982(a)(1); Title 28, United States Code, Section 2461(c); and Title 21, United States Code, Section 853.)

**REDACTED COPY**

Pursuant to the Enforcement Act, the original of this page has been filed under seal in the Clerk's Office.

United States v. EDWIN PETTY, et. al.    Criminal No. 4:11CR89

**REDACTED COPY**

A TRUE BILL:

_____

FOREPERSON

NEIL H. MACBRIDE
UNITED STATES ATTORNEY

**REDACTED COPY**

By: _____
    Eric M. Hurt
    Assistant United States Attorney
    Virginia Bar No. 35765
    Fountain Plaza Three, Suite 300
    721 Lakefront Commons
    Newport News, VA 23606
    757/591-4000

37