UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF VIRGINIA

NEWPORT NEWS



RECEIVED

JAN 1 4 2015

CLERK, U.S. DISTRICT COURT
NORFOLK, VA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>        Plaintiff<br><br>v.<br><br>Brian D. Jarvis<br>        Defendant, | CASE NO. 4:11CR00089-0012 (MSD)<br>MOTION FOR REDUCTION<br>OF SENTENCE<br>PURSUANT TO 18 USC § 3582(c)(2);<br><br>MEMORANDUM OF POINTS<br>AND AUTHORITIES |

<u>MOTION</u>

Defendant hereby moves this Honorable Court for a reduction in the sentence imposed in the case on July 9, 2012. This motion is made pursuant to 18 U.S.C. § 3582 (c)(2) and is based on the attached memorandum of points and authorities. All files and records in this case, and such further argument and evidence, may be presented at the hearing on this motion.

Respectfully Submitted,

Dated: _December_    _21_ , 2014  By Brian D. Jarvis

I. INTRODUCTION

On July 9, 2012, Brian D. Jarvis ("the defendant") was sentenced for Conspiracy To Possess With Intent To Distribute Narcotic CT 1, 21 U.S.C.§ 846, 841 (A)(1) 841 (B)(1)(A), and 841 (B)(1)(B), to serve 188 months imprisonment and 5 years supervised release. The sentence was imposed under the Sentencing Guidelines, with a base offense level computed under 2D1.1 of the Guidelines for a narcotic quantity. That base offense level-- under the Guidelines in effect at the time--was level 36. Combined with other Guidelines factors, it produced a Guidelines range of 188-235 months. The sentence imposed by the Court was 188 months, which was the low end.

Subsequent to the defendant's sentencing, on November 1, 2014, an amendment to § 2D1.1 of the Guidelines took effect, which generally reduces base offense levels for all quantities of drugs by two levels and, specifically, reduces the base offense level for the narcotics in this case by two levels, to level 34.

Prior to the effective date of this amendment to §2D1.1, the Sentencing Commission considered whether to make the amendment retroactive under the authority created by 18 U.S.C. § 3582 (c)(2). It took that action on July 18, 2014, by including this amendment in the list of retroactive amendments in § 1B1.10 of the Guidelines. Based on this retroactivity and the statutory authority underlying it:

Brian D. Jarvis brings this motion to reduce his sentence.

II. Argument

A. BRIAN D. JARVIS' OFFENSE LEVEL SHOULD BE REDUCED FROM 33 TO 31, AND THE GUIDELINES RANGE REDUCED FROM 188-235 TO 151-188, BASED ON THE AMENDMENT TO § 2D1.1.

18 U.S.C. § 3582 (c)(2) provides as follows:

"[I]n the case of the defendant who has been sentenced to a term of imprisonment based on the sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994 (0), upon motion of the defendant... the Court may reduce the term of imprisonment, after considering the factors set forth in section 3553 (a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission".

Section 1B1.10 is the Guidelines policy statement which implements 18 U.S.C. § 3582 (c)(2). Subsection (c) of that policy statement lists amendments that are covered by the policy statement, and one of the amendments listed is amendment 782 to the Guidelines. Amendment 782 reduced the base offense levels for most drug offenses. See U.S.S.G. App. C, § 782. Application of this amendment to the narcotics Guidelines in the present case results in a decrease of the base offense level from 36 to 34, a decrease in the total offense level from 33 to 31, which includes a three point reduction for acceptance of responsibility, and a decrease in the resulting Guidelines range from 188-235 to 151-188.

B. THE COURT SHOULD REDUCE BRIAN D. JARVIS' SENTENCE SUBSTANTIALLY IN CONSIDERATION OF POST-SENTENCE REHABILITATION AND § 3553 (a) FACTORS.

Based on the amendment to 2D1.1, the court should significantly reduce the defendant's sentence. It follows from the discussion in the preceding section that the amendment alone justifies a reduction of 37 months.

The court should not stop there. However, there are a number of non-Guidelines factors that justify a sentence below even the new Guidelines range. The court should also consider the defendant's extraordinary post-sentence rehabilitative efforts, as well as his lack of a threat to society.

Since being incarcerated, the defendant has completed the following:

i. Drug Abuse Education;

ii. 10 Hours Anger Management Course;

iii. Cross Fitness Class, and

iv. AB Fitness Course;

Brian D. Jarvis is also currently enrolled in the 12 Step Drug Program, and Parenting Course. The ("defendant") is also on the waiting list to be placed into the GED Program. He is also seeking to enroll in college correspondence in hopes of acquiring a degree in Psychology. However, due to limited funds, this may be a very difficult task since all inmates are barred from receiving most federal financial aid. Upon release, the defendant will become eligible for aid and plans to take full advantage of it to meet his goals.

The defendant also desires to counsel and work with (at-risk) teens upon his release. Earning a degree in Psychology is a major step towards realizing that dream. Therefore, he continues to search for funding in hopes of completing his education prior to release.

These factors should be considered in reducing the defendant's sentence and show his rehabilitation and perseverance to become a productive member of society.

### III. CONCLUSION

Wherefore, the defendant respectfully request that this Honorable Court grant the relief requested and re-sentence him under the newly amended Guidelines  to 151-months, which represents the low end of the defendant's recalculated offense level of 31.

Respectfully Submitted,

/s/ _Brian D. Jarvis_
Brian D. Jarvis

Dated: _December 21_ , 2014 By Brian D. Jarvis

Brian D. Jarvis
REG NO: 63246-019
F.C.I. Williamsburg
Salter, SC 29590

# CERTIFICATE OF SERVICE

I, Brian D. Jarvis, hereby certify tha I have served a true and correct copy of the foregoing:

Which is deemed filed at the time it was delivered to prison authorities for forwarding to the court, Houston vs. Lack,101 LEd.2d 245 (1988), upon the court and parties to litigation and/or his/her attorney(s) of record, by placing same in a sealed, postage prepaid envelope addressed to:

United States District Court
Eastern District Of Virginia
Clerk Office
2400 West Ave 1st Floor
Newport News, Virginia 23607

U.S. Attorney's Office
Eastern District Of Virginia
Suite 300
721 Lakefront Commons
Newport News, Virginia 23606

and deposited same in the United States Postal Mail at F.C.I. Williamsburg.

Signed on this _December 21_ day of _2014_,

Respectfully Submitted,

/s/ _Bri D. Ja_

Brian D. Jarvis

REG NO: 63246-019

$4.70

CERTIFIED MAIL

WED 07 JAN 2015 AM

292

7014 0510 0001 2678 3263

DB

INSPECTED B

P O Box 340

Saltillo, SC 29590

◇63246-019◇
Clerk Of Court
2400 WEST AVE
1st Floor
Newport NEWS, VA 23607
United States



SVH

Date: 1-6-15

The enclosed letter was processed through special mail
procedures for forwarding to you. The letter was
neither opened nor inspected. If the writer raises a
problem over which this facility has jurisdiction, you
may wish to return the material for further
information or clarification. If the writer encloses
correspondence for forwarding to another address,
return the enclosure to the above address.

Mail Room Staff