IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
NORFOLK DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CRIMINAL NO. 4:11CR89-12 |
| | ) | |
| BRIAN JARVIS | ) | |

**RESPONSE OF THE UNITED STATES TO DEFENDANT'S MOTION FOR MODIFICATION OF SENTENCE**

The United States of America, by and through undersigned counsel, hereby files its response to the defendant's motion, and this Court's March 5, 2015 Order, regarding a modification of the defendant's sentence pursuant to Title 18, United States Code, Section 3582(c)(2), and U.S.S.G. § 1B1.10. The United States does not oppose defendant's motion for modification of his sentence from 188 months to 151 months. In all other respects the defendant's sentence should remain unchanged.

Section 3582(c)(2) "establishes a two-step inquiry. A court must first determine that a reduction is consistent with § 1B1.10 before it may consider whether the authorized reduction is warranted, either in whole or in part, according to the factors set forth in § 3553(a)." *Dillon v. United States*, 560 U.S. 817, 826 (2010).

Under application note 1(A) to Section 1B1.10: "Eligibility for consideration under 18 U.S.C. § 3582(c)(2) is triggered only by an amendment listed in subsection (d) that lowers the applicable guideline range (i.e., the guideline range that corresponds to the offense level and criminal history category determined pursuant to §1B1.1(a), which is determined before consideration of any departure provision in the Guidelines Manual or any variance)."

1

The defendant is correct that Amendment 782 reduced the guideline range applicable in his case, and therefore the Court may consider whether to reduce his sentence. Specifically, the base offense level in this case is now 32, pursuant to Section 2D1.1 as amended by Amendment 782, made retroactive by Section 1B1.10(d). When combined with the other guideline applications made earlier, as required by Section 1B1.10(b)(1), the final offense level is 31. At the established criminal history category of IV, this results in a sentencing range of 151-188 months. This is a reduction from the previous guideline range of 188-235 months.

The extent of the permissible reduction is strictly limited. Congress delegated to the Sentencing Commission the authority to determine to what extent a sentence may be reduced. *See* 18 U.S.C. § 3582(c)(2); 28 U.S.C. § 994(u); *Dillon v. United States*, 560 U.S. 817, 826 (2010) ("The SRA charges the Commission both with deciding whether to amend the Guidelines, § 994(o), and with determining whether and to what extent an amendment will be retroactive, § 994(u). A court's power under § 3582(c)(2) thus depends in the first instance on the Commission's decision not just to amend the Guidelines but to make the amendment retroactive. The court is also constrained by the Commission's statements dictating 'by what amount' the sentence of a prisoner serving a term of imprisonment affected by the amendment 'may be reduced.'"). "Subsection 1B1.10(b)(2)'s limitation on a district court's sentence-reduction authority is absolute." *United States v. Jackson*, 751 F.3d 707, 711 (6th Cir. 2014).

The Commission directed in Section 1B1.10(b) that, with one exception (where the defendant earlier received a below-guideline sentence based on substantial assistance), "the court shall not reduce the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) and this policy statement to a term that is less than the minimum of the amended guideline range

determined under subdivision (1) of this subsection." U.S.S.G. § 1B1.10(b)(2)(A). An application note adds: "Under subsection (b)(2), the amended guideline range determined under subsection (b)(1) and the term of imprisonment already served by the defendant limit the extent to which the court may reduce the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) and this policy statement. Specifically, as provided in subsection (b)(2)(A), if the term of imprisonment imposed was within the guideline range applicable to the defendant at the time of sentencing, the court may reduce the defendant's term of imprisonment to a term that is no less than the minimum term of imprisonment provided by the amended guideline range determined under subsection (b)(1)." U.S.S.G. § 1B1.10 app. note 3 (Nov. 1, 2011). Thus, the Court may not reduce the sentence below the range provided by the amended guideline, and "in no case . . . shall the term of imprisonment be reduced below time served." *Id.*

Here, the defendant was originally sentenced to 188 months, the low end of the guideline range. Because the defendant's advisory guideline range has been reduced, he is eligible for a sentence reduction under Section 3582. Therefore, the Government does not oppose a reduction of the defendant's sentence from 188 months to 151 months, the low end of the amended guideline

range. In all other respects his sentence should remain the same.

        Respectfully submitted,

        DANA J. BOENTE
        UNITED STATES ATTORNEY

By:     /s/
        Eric M. Hurt
        Assistant United States Attorney
        Attorney for the United States
        United States Attorney's Office
        Fountain Plaza Three, Suite 300
        721 Lakefront Commons
        Newport News, Virginia 23606
        Phone: 757/591-4000
        Fax: 757/591-0866
        Email: Eric.Hurt@usdoj.gov

CERTIFICATE OF SERVICE

I hereby certify that on this 14th day of April, 2015, I filed the foregoing Response of the United States to Defendant's Motion for Modification of Sentence with the Clerk of Court using the ECF system.   I further certify that I have mailed postage pre-paid copies of this Response to the following:

    Brian Jarvis, Reg. No.: 63246-019
    **LEGAL MAIL**
    FCI Williamsburg
    Post Office Box 340
    Salters, SC 29590

    Kimberly Falatic
    U.S. Probation Officer
    600 Granby Street, Suite 230
    Norfolk, VA 23510

    /s/
Eric M. Hurt
Assistant United States Attorney
Attorney for the United States
United States Attorney's Office
Fountain Plaza Three, Suite 300
721 Lakefront Commons
Newport News, Virginia 23606
Phone: 757/591-4000
Fax: 757/591-0866
Email: Eric.Hurt@usa.doj.gov