UNITED STATES DISTRICT COURT
<u>Eastern District of Virginia</u>
<u>Newport News Division</u>

(Name) Brian Jarvis,
    Petitioner,

v.

United States of America,
    Respondent.

Criminal Case No.: 4:11cr89-0012

NOV 13 2018

---

MOTION FOR RELIEF FROM A JUDGMENT BY CORRECTING PRE-SENTENCE INVESTIGATION REPORT PER FRCP (60(b)(6) OR PER 28 USC 2255 IF NONE HAS BEEN SUBMITTED AND CONSTRUING AS SUCH WOULD BE TIMELY

---

HONORABLE U.S. DISTRICT COURT:

Comes now Petitioner named above, hereafter "Petitioner", Pro Se in this submission to this court to adjust his presentence report to redact out any such information by which Petitioner might be barred or prevented from getting the credit and time off as reward for successful completion of the R-DAT ("Residential Drug Treatment") Program. This is possible as pointed out in the Precepts and discussion of <u>United States v. Fraley</u>, 2007 U.S. Dist. Lexis 47118 (2007). Defendant Fraley had a 3-point enhancement for Dangerous chemicals, akin to the enhancements for firearms, past violent acts in criminal history, and disqualifying prior convictions or conduct including things considered as Escapes, and because its appearance in the PSR, Fraley would not have been able to receive the R-DAP credit.

The District Court took the entry out of the PSR, allowing Fraley to benefit from the credit.

Petitioner was recommended for and is eligible for participation in the BOP R-DAP program whereby time off the sentence may be received as an award for successful completion pursuant to 18 USC 3621(e). However, because of the PSR mention of certain matters, such as a firearm, dangerous chemicals in some situations, and past convictions of a certain type, as well as matters considered to b eminor escapes or escapes, Petitioner will not receive the credit which would ordinarily be awarded upon successful completion.

It remains clear that the Court and the government do not object to, and indeed likely intend for Petitioner to receive participation in and all benefits of successful completion of all BOP enrichment and personal improvement programs such as the R-DAP program specifically. This would make Petitioner eligible for early release per the program and time credit upon completion.

The Courts recommend that Petitioner be involved in and engaged in all vocational and educational training opportunities that might be available which would include the R-DAP program and its benefits.

In Fraley, the Magistrate determined that the district court had authority to remove Fraley's enhancement from the PSR under Hickerson v. Willingham, 2006 U.S. Dist. Lexis 89101, 2006 W.L. 3422186 (D. Conn. Nov. 28, 2006). Since then, district courts across the country have granted relief by use of this means of records adjustment in accord with the Court's supervisory and other powers to amend such PSR to extract and redact mention of things relied upon to disqualify Petitioner from programs and improvement incentives otherwise to be awarded.

WHEREAS and for good cause, Petitioner prays that this Honorable Court amend the Presentence Report by deleting any such mention of any items which the BOP would use as a predicate to exclude Petitioner from being among those eligible and entitled to R-DAP programming and its incentive reward of time credit (time off) upon successful completion of the intensive and life-altering, views-altering, enlightening program. And grant any other warranted favorable relief the court might find favorable and to advance the ends mentioned herein under the totality of the circumstances. All herein is sworn true, correct, and complete per 28 USC 1746.

Where this is received with and annexed to a 28 USC 2255 submission, it shall be a supplement for all purposes, where this is received without direction, it may be taken as both 60(b)(6) and 2255.

Duly Presented,

_/s/x  *[signature]*                              [L.S.]
Name: Brian Jarvis 63246-019
Address: FPC Montgomery
1001 Willow St.
Montgomery, AL 36112